13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darryl Stephen MARTIN, Plaintiff-Appellant,
v.
MAIN ENTRY OFFICER, Limon Correctional Facility, in
individual capacity; Living Unit One, Unit Staff
Supervisor, Limon Correctional Facility; Program Manager,
Limon Correctional Facility; Living Unit Supervisor, Limon
Correctional Facility, (Living Unit One); Housing Manager,
Limon Correctional Facility; Mailroom Supervisor, Limon
Correctional Facility; Mailroom Supervisor Arkansas Valley
Correctional Facility, Defendants-Appellees.
 No. 93-1164.
 United States Court of Appeals, Tenth Circuit.
 Dec. 15, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises out of an alleged failure by defendants to deliver certain Denver Post newspapers to plaintiff. Plaintiff appeals on the grounds that the district judge erred in dismissing his complaint for failure to state a claim based on the Equal Protection Clause of the United States Constitution. We affirm.
 
 
 3
 Plaintiff alleges that defendants failed to deliver some newspapers and, in some cases, portions of newspapers. The Correctional Facility has a policy which allows delivery of newspapers to inmates and which makes provisions for sending the newspaper for forwarding when an inmate has been moved to a different correctional facility. Plaintiff in this case was moved during the period in which he alleges that newspapers were not delivered to him according to the Correctional Facility policy. We construe this pro se complaint liberally but agree with the district court that the short-term non-content-based disruption in the delivery of the newspapers in this case does not rise to the level of a constitutional violation. This case is not like Sizemore v. Williford, 829 F.2d 608 (7th Cir.1987). There has been no serious abridgement in this case of plaintiff's right to receive news and other information. Thus, we AFFIRM for substantially the reasons given by the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3